# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MARTINEZ AYTCH, | Case No. 2:14-cv-00139-GMN-CWH |
| Plaintiff, | |
| vs. | **ORDER** |
| JAMES G. COX, *et al.*, | |
| Defendants. | |

This matter is before the Court on Plaintiff Martinez Aytch's ("plaintiff") Ex Parte Motion for Issuance of Summons as to Defendant Rabbi Elchonon Joseph ("defendant"), filed November 21, 2014. See Doc. # 29.

Plaintiff, in his ex parte motion, asks the Court to direct the Nevada Attorney General's Office ("AG") to provide defendant's forwarding address so the U.S. Marshal can reattempt service on defendant.[1] See Doc. # 29. Plaintiff also asks the Court to grant him an unspecified period of time to serve defendant. Id.

With respect to plaintiff's first request, this Court notes that it directed the AG, in its August 13, 2014 order, to file under seal the last known addresses of those defendants for whom the AG does not accept service, if it has such information. See Doc. # 12 at 2. It is unclear whether the AG has complied with this Court's order. As such, this Court grants plaintiff's first request and directs the AG to file under seal the last known address of defendant, if it has such information, or a notice informing this Court it cannot comply with the Court's order, in the event it does not have defendant's address.

With respect to plaintiff's second request, this Court turns to Rule 4(m) of the Federal Rules of Civil Procedure. Under Rule 4(m), service must be accomplished within 120 days from the date a court

---

[1] According to plaintiff, the U.S. Marshal was unable to serve defendant at the address specified on the original summons because defendant did not reside there. See Doc. # 28.

order is entered. According to Rule 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed.R.Civ.P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

Courts have broad discretion to extend time for service under Rule 4(m). Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2003). The 120-day time period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." Henderson v. United States, 517 U.S. 654, 661 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after the 120-day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that 120-day period." Mann v. American Airlines, 324 F.3d 1088, 1090 (9th Cir. 2003). Moreover, the Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." See Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments. Generally, "good cause" is equated with diligence. See Wright & Miller, Federal Practice and Procedure: Civil 3d § 1337.

The complaint in this matter was filed on May 14, 2014. See Doc. # 5. Thus, the 120-day time period for service expired on September 11, 2014. Upon review of Plaintiff's ex parte motion (doc. # 29), the Court finds that plaintiff has been diligent in his ongoing efforts to serve defendant. Consequently, plaintiff's request for an extension of time to accomplish service will be extended for an additional sixty (60) days.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that plaintiff's Ex Parte Motion for Issuance of Summons as to Defendant Rabbi Elchonon Joseph (doc. # 29) is **granted**. The AG shall file under seal the last known address of defendant, if it has such information, or a notice informing this Court it cannot comply with the Court's order, in the event it does not have defendant's address. The AG shall file the address or notice **no later than December 12, 2014**.

**IT IS FURTHER ORDERED** that the time period for service under Rule 4(m) is extended for an additional sixty (60) days **until January 30, 2015**.

Dated: December 1, 2014

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**